```
              IN THE UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


THOMAS TOTORO,                   :
                                 :   HONORABLE JOSEPH E. IRENAS
          Petitioner,            :
                                 :   CIVIL ACTION NOS. 05-4584
     v.                          :   and 04-5343 (JEI)
                                 :
UNITED STATES OF AMERICA,        :           OPINION
                                 :
          Respondent.             :
```

**APPEARANCES:**

THOMAS TOTORO, Petitioner *pro se*
# 20035-050
FCI McKean
P.O. Box 8000, F Unit
Bradford, PA 16701

CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
By: Renée M. Bumb, Esq.
401 Market Street, 4th Floor
Camden, New Jersey 08101
    Counsel for Respondent


**IRENAS**, Senior District Judge:

    Presently before the Court is *pro se* Petitioner Thomas Totoro's second application for relief pursuant to 28 U.S.C. § 2255. Totoro is incarcerated in F.C.I. McKean, Bradford, Pennsylvania, serving a term of 30 months as a result of his conviction for conspiracy to use, with intent to defraud, unauthorized access devices in violation of 18 U.S.C. §§ 1029(a)(2) and (b)(2). He argues that the Bureau of Prisons' ("BOP") decision to terminate the Intensive Confinement Center Program (also known as Shock Incarceration or Boot Camp) deprived him of

the program's benefits and violated the Ex Post Facto Clause of the United States Constitution.  Totoro requests that this Court grant his motion to correct his sentence and reduce his prison term by one year.  In lieu of an Answer, the Government has moved to dismiss on the ground that the present petition is an impermissible second petition for relief.  For the following reasons, the Government's motion will be granted.

I.

On December 17, 2002, Totoro was charged with conspiracy to use, with intent to defraud, unauthorized access devices in a matter affecting interstate commerce to obtain things of value aggregating $1,000 or more during a one-year period in violation of 18 U.S.C. §§ 1029(a)(2) and (b)(2).  Totoro pled guilty on November 14, 2003.  He was sentenced to a prison term of 30 months, to be followed by three years of supervised release, on May 21, 2004.  Totoro filed no direct appeal.

Three months after sentencing, Totoro moved the Court to recommend that he be allowed to participate in the Shock Incarceration Program.  Noting that participation in the program is left to the discretion of the BOP and finding no authority to amend a Judgment of Conviction to include a recommendation not requested at the time of sentencing, this Court denied Totoro's motion on August 31, 2004.  *See United States v. Totoro*, No. 02-

cr-0929 (August 31, 2004).

Totoro filed his first application for relief pursuant to 28 U.S.C. § 2255 on October 29, 2004, alleging that the United States breached its plea agreement with the Petitioner by seeking sentence enhancements not contained in the agreement.  This Court denied the motion on November 16, 2004, concluding that Totoro's plea agreement was not breached and his Sixth Amendment rights were not violated.  *See Totoro v. United States*, No. 04-cv-5343 (November 16, 2004).[1]

Totoro filed this second petition pursuant to 28 U.S.C. § 2255 on September 9, 2005.  In this subsequent Petition, Totoro asserts that the BOP's decision to terminate the Shock Incarceration Program for budgetary reasons deprived him of the opportunity to serve a portion of his sentence in community or home confinement, or receive a reduction of up to six months in his sentence.[2]  Totoro argues that this change in policy increased his punishment post-sentencing in violation of the Ex Post Facto Clause.

---

[1] Petitioner has moved for a certificate of appealability in his first habeas case.  However, in the Court's Order denying Petitioner's first habeas petition we explicitly found that Petitioner had not made the requisite substantial showing of the denial of a constitutional right and held "no certificate of appealability shall issue." *See Totoro v. United States*, No. 04-cv-5343, ¶ 2 (November 16, 2004).  Accordingly, we will deny Petitioner's Motion for a Certificate of Appealability.

[2] Petitioner apparently assumes he would have been allowed to participate in and would have successfully completed the Shock Incarceration Program.

II.

This is the second petition filed by Totoro pursuant to 28 U.S.C. § 2255.  Congress has mandated that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244.  Section 2255 requires that a second or successive habeas corpus application filed by a prisoner must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C.§ 2255 ¶ 8.[3]

III.

This Court previously determined the legality of Totoro's detention when it denied the Petitioner's first habeas petition on its merits.  This present application must also be denied

---

[3] The Court also notes as a procedural matter that Petitioner failed to seek certification from a Third Circuit panel as required by section 2244. The Court of Appeals may grant certification and authorize a district court to consider a successive petition only after the prisoner makes this required showing of new evidence or new constitutional law.  28 U.S.C. § 2244(b)(3); *In re Turner*, 267 F.3d 225, 227 (3d Cir. 2001).

because Totoro has not satisfied the requirements governing second petitions found in section 2255.  Totoro fails to offer any newly discovered evidence absolving him of guilt for the crime underlying his conviction.  Indeed, Totoro pled guilty to the offense and makes no argument of his innocence.  Totoro also does not point to, and the Court is otherwise unaware of, any new rule of constitutional law having retroactive effect on his case.  The change in BOP policy fits neither category.

Alternatively, even if we were to construe Petitioner's § 2255 Motion as a Motion pursuant to 28 U.S.C. § 2241, venue in this district is improper as Petitioner is incarcerated in Pennsylvania.[4]  Accordingly, we will grant the Government's Motion to Dismiss.

IV.

For the forgoing reasons, Petitioner's application for relief pursuant to 28 U.S.C. § 2255 will be dismissed with prejudice.

Date: March  13 , 2006

	s/*Joseph E. Irenas*
	JOSEPH E. IRENAS, S.U.S.D.J.

---

[4] *See* 28 U.S.C. §2241(b)(petitions pursuant to this section must be brought in the district embracing the place of confinement).